IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 0 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-01824-BNB

ALFREDO BECERRA,

    Applicant,

v.

J. M. WILNER, Warden, FCI - Florence,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Alfredo Becerra, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Becerra initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and an attached, supporting brief. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On September 4, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On October 10, 2008, after being granted an extension of time, Respondent filed a preliminary response. Applicant has not filed a reply, despite being provided the opportunity to do so. On October 14, 2008, United States attorney, Paul Farley, entered his appearance for

Respondent, and United States attorney, Hayley E. Reynolds, moved to withdraw as counsel for Respondent. The motion to withdraw as counsel will be granted.

The Court must construe Mr. Becerra's application liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

On January 25, 2007, Mr. Becerra was released to the custody of the Immigration and Customs Enforcement (ICE) officials after completing a twelve-month sentence with the State of Texas. On February 21, 2007, he was indicted in the United States District Court for the Southern District of Texas (Southern District of Texas). A bench warrant was issued for his arrest on the same day. On March 20, 2007, Mr. Becerra pleaded guilty to one count of illegal re-entry. On August 15, 2007, the Southern District of Texas sentenced him to twenty-six months of imprisonment, to be followed by three years of supervised release. On November 2, 2007, he was committed to the custody of the BOP. His sentence commenced on August 15, 2007, the day it was imposed, and he was awarded 175 days of prior-custody credit from February 21, 2007, through August 14, 2007. *See* preliminary response, ex. 4 at 2, dated September 22, 2008.

In the instant action, Mr. Becerra contends he also is entitled to receive prior custody credit from January 25, 2007, to February 21, 2007, and asks to have his sentence reduced by an additional twenty-seven days. He argues that, if the BOP will

not award him the credits pursuant to 18 U.S.C. § 3585(b), this Court should award him the credits by applying § 5G1.3(b)(1) of the United States Sentencing Guidelines, which provides that, where "a term of imprisonment resulted from another offense that is relevant to the instant offense of conduct under [certain provisions] . . . , the sentence for the instant offense shall be imposed as follows: the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such a period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." Mr. Becerra contends that "[t]he district court in Texas, lacking the all-seeing wizardy [sic] of a crystall [sic] ball, was unable to project at the time of Mr. Becerra [sic] sentencing that the BOP would take an action, in the future, that would be inconsistant [sic] with the terms of Mr. Becerra's sentence and contrary to the law." Supporting brief at 3. Therefore, he asks this Court to "[o]rder the respondent to adjust the Applicants [sic] 26 month prison sentence downward by 27 days pursuant to USSC Guideline Section 5G1.3(b)(1) to award the applicant the detention credits he has earned." Application at 5.

Respondent argues that Mr. Becerra has failed to exhaust BOP administrative remedies before seeking federal court intervention. Respondent further argues that approximately one month after August 27, 2008, when Mr. Becerra filed his application in this Court, he obtained the requested relief he sought from the BOP. *See* preliminary response, ex. 2 at 2, dated September 30, 2008. Respondent asserts that the September 30, 2008, version of Mr. Becerra's sentence computation reflects that his sentence has been reduced 201 days instead of 175, counting back to January 26,

3

2007, instead of to February 21, 2007. Respondent argues that January 25, 2007, was not included because that day already had been credited pursuant to 18 U.S.C. § 3585(b)(1) to the state court sentence Mr. Becerra was serving prior to his transfer to ICE custody. Respondent maintains that Mr. Becerra now has a projected release date, via good-conduct release, of January 8, 2009. Respondent alleges that a detainer has been lodged by ICE so that when he has completed his term of incarceration he will be released to ICE for deportation charges.

Mr. Becerra concedes and the record confirms that he has not exhausted BOP administrative remedies prior to initiating the instant lawsuit. He contends that exhaustion is futile. The exhaustion requirement may be waived if exhaustion would be futile. **See Fraley v. U.S. Bureau of Prisons**, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, Respondent contends that because Mr. Becerra has not completed the process of exhausting BOP administrative remedies, he cannot know whether his efforts to exhaust would be futile. The Court agrees.

In addition, Respondent contends that Mr. Becerra's futility argument fails because the BOP has recalculated his sentence and awarded him the credits he seeks. Respondent further contends that the application now is moot. Respondent points out that Mr. Becerra's choice to pursue relief through the judicial system before exhausting BOP administrative remedies demonstrates the problem with failing to proceed in the proper order. This Court need not address the issue of mootness because that argument goes beyond the scope of the September 4, 2008, order for a preliminary response.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Becerra. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). To exhaust administrative remedies, a federal prisoner must attempt to resolve the matter informally and then complete all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15. Mr. Becerra fails to convince the Court that exhaustion of administrative remedies would be futile in the instant action. Therefore, the application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the motion to withdraw as counsel, filed on October 14, 2008, is granted. It is

FURTHER ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this 9 day of Apr., 2008.

BY THE COURT:

/s/ Zita L. Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01824-BNB

Alfredo Becerra
Reg. No. 66338-179
FCI - Florence
PO Box 6000
Florence, CO 81226-6000

Hayley E. Reynolds
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

Paul Farley
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** the above-named individuals on 12/9/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk